IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. HENRY, | No. 2:12-cv-2828-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| PETER VANNI, et al. | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's amended complaint (Doc. 16).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied

if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff's statement of his claim, as set forth in his amended complaint, consists of the following paragraph:

> Peter Vanni - warden, L. Olivas - Fac. Captain, Lt. Cherry, E. Califf - Sgt., E. Rodriguez - Sgt. Each defendants allowed plaintiff dangerous cell moves that could have lead to a highly dangerous cell fight or murder! Each defendant approved the highly dangerous cell moves between Jan. 1, 2012 to March 19, 2012. It was through the grace of God and Jesus Christ that am alive today.

(Am. Comp., Doc. 16 at 3, 6).

## II. DISCUSSION

As the court set forth in the prior order:

> The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.
> When prison officials stand accused of using excessive

> force, the core judicial inquiry is ". . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. See Whitley, 475 U.S. at 320-21. In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. See Hudson, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc). The lack of injuries is also probative. See Hudson, 503 U.S. at 7-9. Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. See Whitley, 475 U.S. at 321-22.
>
> . . .
>
> Under the principles outlined above, prison officials have a duty to take reasonable steps to protect inmates from physical abuse. See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833. Liability exists only when two requirements are met: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk. See Farmer, 511 U.S. at 837. The very obviousness of the risk may suffice to establish the knowledge element. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk. See Farmer, 511 U.S. at 844. The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). Finally, the plaintiff must show that prison officials disregarded a risk. Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted. See Farmer, 511 U.S. at 844.

(Order, Doc. 11, at 2-4).

Plaintiff continues to allege a fear of being placed with a dangerous cellmate, and a lack of concern from the prison officials that he may be placed in danger. However, as

3

discussed in the court's prior order, his allegations remain inadequate as he fails to allege that he was subjected to any real risk of substantial harm and that the defendants placed him in such a situation knowing he was likely to be harmed.  Some remote possibility that he might face danger from a new cellmate is insufficient to state a claim for violation of his Eighth Amendment rights.  There is no allegation that the defendants placed him in a cell with a known enemy, or with another inmate they knew would attack him, or that any of the cellmates he was placed with posed an actual threat.  Thus, his complaint remains inadequate to state a claim.

Plaintiff was informed as to the defects in his complaint, and he was provided an opportunity to amend his complaint in order to cure the defects and state a claim.  Based on the allegations in his amended complaint, which contain the same defects as in the original, it appears he is either unable or unwilling to do so.  Thus, it does not appear that further leave to amend will cure the defects in the complaint.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to further leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  See Local Rule 110.

IT IS SO ORDERED.

DATED: May 14, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE