IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH R. HENRY,

        Plaintiff,

  vs.

PETER VANNI, et al.

        Defendants.

                               /

No. 2:12-cv-2828-CMK-P

ORDER

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. On May 14, 2015, the court issued an order to show cause why plaintiff's amended complaint should not be dismissed for failure to state a claim. Pending before the court is plaintiff's response thereto.

        The court screened plaintiff's amended complaint and found that plaintiff failed to correct the defects the court found in plaintiff's original complaint. Specifically, plaintiff claims he was subjected to dangerous cell moves that had the possibility of leading to a cell fight or murder. The court explained to plaintiff what was required to state a claim for an Eighth Amendment violation where the prison officials knowingly place a prisoner in a situation where there is a substantial risk of serious harm and fail to protect a prisoner from known harm.

1  Plaintiff's amended complaint suffered the same lack of allegations showing any real risk of
2  substantial harm.  Thus, the court ordered plaintiff to show cause why this case should not be
3  dismissed.  In response to the order to show cause, plaintiff now alleges that the risky cell
4  assignments were done in retaliation to his inmate grievances on several prison officials.
5  Plaintiff's response fails to meet the necessary showing to avoid dismissal of this action.

6          In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must
7  establish that he was retaliated against for exercising a constitutional right, and that the
8  retaliatory action was not related to a legitimate penological purpose, such as preserving
9  institutional security.  See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).
10 In meeting this standard, the prisoner must demonstrate a specific link between the alleged
11 retaliation and the exercise of a constitutional right.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th
12 Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner
13 must also show that the exercise of First Amendment rights was chilled, though not necessarily
14 silenced, by the alleged retaliatory conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir.
15 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner
16 plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials
17 took adverse action against the inmate; (2) the adverse action was taken because the inmate
18 engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment
19 rights; and (4) the adverse action did not serve a legitimate penological purpose.  See Rhodes,
20 408 F.3d at 568.

21          Raising a new claim in response to the order to show cause is insufficient.  Even if
22 the court were to find it sufficient, the allegations in the response fails to allege sufficient facts to
23 state a claim for retaliation.  Plaintiff's allegations that he was put in cells with other inmates
24 where there was a risk of harm is questionable adverse action.  Such allegations are so tenuous,
25 that even if true, the court cannot find it would qualify as an adverse action without a showing of
26 an actual risk of harm.  The vague and conclusory allegations of plaintiff's perceived risk are

insufficient.  In addition, there are no allegations that plaintiff's First Amendment rights were chilled or impacted all.  Plaintiff sets forth the elements of a claim for retaliation, but fails to allege facts that would indicate that there was any impact on his First Amendment rights, or that he suffered any actual harm.  Such vague allegations are simply insufficient.

As discussed in the court's prior order, plaintiff's amended complaint fails to state a claim.  The court found plaintiff failed to cure the defects in his complaint.  The court further finds plaintiff's response to the order to show cause insufficient to show the defects addressed in the court's prior orders are curable.  Thus, dismissal without leave to amend is appropriate.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed for failure to state a claim, without leave to amend; and

2. The Clerk of the Court is directed to close this case.

DATED: February 19, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE